**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-064-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    JOSEPH JESUS LOVATO**,

    Defendant.

---

**ORDER GRANTING GOVERNMENT'S MOTION TO COMPEL
DNA AND FINGERPRINT EXEMPLARS**

---

This matter is before the Court on the Government's Motion to Compel DNA and Fingerprint Exemplars. (ECF No. 18 (the "Motion").) For the reasons explained below, the Motion is granted.

## I. BACKGROUND

Defendant Joseph Jesus Lovato ("Lovato") is charged in a three-count indictment with possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) & (b)(1)(D), use of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). (ECF No. 3.) These charges all arise from an incident in which Defendant allegedly planned to sell 10 pounds of marijuana, and shot and killed the intended buyer, after the buyer pulled a gun and tried to take the marijuana without paying. (*See* ECF No. 1 ¶¶ 30–35; ECF No. 18 at 2.)

The Government retrieved a fingerprint suitable for comparison as well as a DNA

sample from a firearm found in an alley near the crime scene.  (ECF No. 1 ¶¶ 9, 24, 38; ECF No. 18 at 2–3.)  These samples were matched to Defendant, using the AFIS and CODIS databases, respectively, for fingerprint and DNA matches.  (ECF No. 1 ¶¶ 24 & 38.)  Defendant was arrested, and, according to the Government and the Criminal Complaint, voluntarily participated in an interview in which he admitted to the essential facts of the alleged crimes.  (ECF No. 1 ¶¶ 33–35.)

## II.  ANALYSIS

The Government represents that given the nature of the AFIS and CODIS databases, it "may not be able to establish a chain of custody sufficient for admissibility at trial," of the matching evidence that was used for criminal investigation purposes, and also anticipates a hearsay objection.  (ECF No. 18.)  The Government therefore moves under the All Writs Act and the Court's inherent authority for a Court order compelling Defendant to provide an additional DNA sample by submitting to a buccal swap, and to produce "Major Case Prints (including palm and fingerprints)," for comparison to the samples recovered from the firearm.  (ECF No. 18 at 6–7.)  The Government represents that these samples will resolve the expected evidentiary problems and permit "a more concise trial presentation."  (*Id.* at 3–4).

Defendant objects on Fourth and Fifth Amendment grounds, emphasizing that the Government already has exemplars, and that the present Motion therefore seeks "duplicate information," and "an easier path to introduction" of the Government's evidence, and essentially "a court order to help the [Government] in the prosecution of this case."  (ECF No. 21 ¶¶ 3–4, 7.)

Defendant's constitutional objections fall short.  As to the Fifth Amendment right

against self incrimination,"[t]o qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *United States v. Von Behren*, 822 F.3d 139 (10th Cir. 2016). But "DNA samples are not testimonial in nature." *United States v. Boling* 101 F.3d 1336, 1340 (10th Cir. 1997). Likewise, "fingerprinting is nontestimonial in nature," and "there is no constitutional right not to be fingerprinted." *United States v. Snow*, 82 F.3d 935, 943 (10th Cir. 1996) (internal quotation marks omitted). The requested exemplars therefore do not violate Defendant's Fifth Amendment rights. *United States v. Dionisio*, 410 U.S. 1, 5 (1973) ("[T]he compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination.") This conclusion is unaltered by Defendant's citation to language from Van Behrens regarding "information which would furnish a link in the chain of evidence," since *Von Behren* addressed only statements that were indisputably testimonial. 822 F.3d at 1144.

Defendant's Fourth Amendment objection also fails. Defendant quotes a general statement from *Terry v. Ohio*, 116 U.S. 616, 633 (1968) for the proposition that the self-incriminating nature of the requested exemplars should "thro[w] light on the question as to what is an unreasonable search and seizure." (ECF No. 21 ¶ 6.) But more specific and recent authority, while making clear that "using a buccal swab . . . to obtain DNA samples is a search" *Maryland v. King*, 569 U.S. 435, 446 (2013), also reflects that it is a minimal one, as saliva and even blood tests (surely more invasive than a cheek swab) constitute only a "minimal intrusion," which must be balanced against the "legitimate government interest in the investigation and prosecution of . . . .criminal acts," *Boling*,

3

101 F.3d at 1340. "The fact than an intrusion is negligible is of central relevance to determining [its] reasonableness." *Maryland*, 569 U.S. at 446. A buccal swab "involves but a light touch on the inside of the cheek," and "virtually no risk, trauma or pain." *Id.* at 446, 464. The fact that Defendant is already custody further lessons any Fourth Amendment concerns. *See Boling*, 101 F.3d at 1340.

Moreover, while the Government does not seek a search warrant, *per se*, the criminal complaint more than establishes probable cause sufficient to justify and make reasonable the minimal invasion represented by providing fingerprint and DNA exemplars. (ECF No. 1.) To the extent the factors articulated in *Winston v. Lee*, 470 U.S. 753 (1985), regarding the reasonableness of a bodily intrusion are implicated, the request here is a reasonable one, involving minimal intrusion and no threat to Defendant's safety or health, nor to his dignitary interests, while the interests in fairly and accurately determining guilt support the Government's request. *Accord United States v. Sedillo*, ___ F.Supp. 3d ___, 2017 WL 5158673, at *23–24 (D.N.M. Nov. 7, 2017) (finding buccal swabs conducted pursuant to warrant reasonable). Defendant's focus on the evidence that the Government already has in its possession does not change the fact that the Government has probable cause to justify its current request for an additional, minimally intrusive search, which the Court finds is reasonable under the Fourth Amendment.

### III. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The Government's Motion to Compel DNA and Fingerprint Exemplars (ECF No. 18) is GRANTED;

2. Pursuant to the All Writs Act, 28 U.S.C. § 1651, and Fed. R. Crim. P. 16, Defendant is ORDERED to submit to a buccal swab procedure for the purpose of obtaining DNA samples which will be used for comparison to the samples recovered in the investigation of this case; and,

3. Defendant is likewise ORDERED to produce Major Case Prints (including palm and fingerprints), for the same purpose.

Dated this 30th day of April, 2018.

BY THE COURT:

William J. Martínez
United States District Judge